IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01944-GPG

GREGORY PAUL FRYE,

      Applicant,

v.

ANGEL MEDINA, Warden FMCC, and
CYNTHIA COFFMAN, Attorney General of the State of Colorado,

      Respondents.

---

## ORDER OF DISMISSAL

---

Applicant, Gregory Paul Frye, is a prisoner in the custody of the Colorado

Department of Corrections.   Mr. Frye has filed *pro se* an Application for a Writ of Habeas

Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1).   Mr. Frye is serving consecutive

prison sentences totaling 28 years that were imposed in two El Paso County District Court

criminal cases.   The pertinent state court case numbers are 07CR4329 and 07CR4363.

Mr. Frye previously filed an application for a writ of habeas corpus challenging the validity

of his guilty pleas and convictions in these same two El Paso County District Court cases.

*See Frye v. Clements*, No. 12-cv-00722-RBJ (D. Colo. Aug. 27, 2013), *appeal dismissed*,

546 F. App'x 777 (10th Cir. 2013), *cert. denied*, 135 S. Ct. 968 (2015).   Mr. Frye's claims

in case number 12-cv-00722-RBJ were dismissed either as procedurally barred, not

cognizable in a habeas corpus action, or on the merits.

In the instant application Mr. Frye challenges an order of restitution entered in his

El Paso County District Court cases on March 27, 2013.   The Colorado Court of Appeals

described the factual background relevant to Mr. Frye's convictions and the restitution

order as follows:

> Defendant was charged in multiple criminal cases with offenses committed against his ex-wife.   On August 20, 2008, the third day of a jury trial in which defendant was representing himself, the parties reached a universal plea agreement, pursuant to which defendant pleaded guilty to second degree kidnapping and second degree assault with a deadly weapon and stipulated to consecutive twelve and sixteen-year terms in the custody of the Department of Corrections.

> Subsequently, the prosecution submitted requests for restitution.   While the written requests are not in the record on appeal, the registers of action reveal, and it is apparently undisputed, that the prosecution filed its requests on November 18, 2008, within ninety days of the sentencing hearing.   After receiving no objection from defendant, the trial court summarily granted the restitution requests.

> Thereafter, defendant's advisory attorney received the restitution requests – the delay was caused by a clerical error – and, upon receipt, counsel promptly filed an objection thereto.   The trial court permitted the objection to proceed and set a restitution hearing, before which the prosecution moved to amend the amount of its request.   At that hearing, the trial court concluded that, because defendant had filed a notice of appeal of his conviction, it lacked jurisdiction to consider restitution.

> Before initiating his first appeal, defendant filed, and the trial court denied, a Crim. P. 35(c) motion for postconviction relief.   A division of this court dismissed as untimely that part of the appeal challenging the judgment of conviction but considered, and affirmed, that part of the appeal relating to the denial of the Crim. P. 35(c) motion. *See People v. Frye*, (Colo. App. No. 09CA0073, Apr. 14, 2011) (not published pursuant to C.A.R. 35(f)).

> After the mandate issued, the court set a hearing to consider restitution and appointed the public defender to represent defendant.   On the day of the restitution hearing,

defendant asserted he had a conflict with the public defender
and requested substitute counsel.   The trial court denied the
request and reset the restitution hearing for a later date upon
defendant's decision to discharge the public defender and
represent himself.   Following the subsequently held hearing,
the trial court entered an order imposing restitution in the
amount of $3279.86, and this appeal followed.

(ECF No. 1 at 38-40.)

Mr. Frye asserts the following three claims for relief in the application relevant to

the restitution order:

> 1.   I was denied my 5th Amendment Right to Due Process
> and my 14th Amendment Right to Equal Protection, by the
> failure of the DA to lawfully file, prior to the court's imposition
> of the order, a copy of the Proposed Order of Restitution
> pursuant to Constitutional provisions, Colorado Rule of Civil
> Procedure Rule 5 and the plea agreement which I lawfully
> entered into with the State.   (ECF No. 1 at 5.)
>
> 2.   I was denied my 6th Amendment Right to a Fair Trial and
> my 14th Amendment Right to Equal Protection by the arbitrary
> and capricious imposition of restitution in my case where the
> sentencing court ignored the preponderance of evidence
> supporting my claims that the alleged victim was not entitled
> to restitution as imposed, affirming the Order without the
> similarly required standard of evidence from the prosecution
> in support of its claims, and by considering contested
> evidence and testimony outside of the record.   Furthermore,
> these Rights were violated by the Court of Appeals' arbitrary
> and capricious refusal to order, accept or consider properly
> offered, documented evidence on record as part of the record
> on appeal.   (ECF No. 1 at 6.)
>
> 3.   I was denied my 6th Amendment Right to Counsel and 14th
> Amendment Right to Equal Protection by the sentencing
> court's denial of my motion for substitution of conflicted,
> incompetent counsel during sentencing.   (ECF No. 1 at 8.)

On September 9, 2015, Magistrate Judge Gordon P. Gallagher ordered

Respondents to file a Pre-Answer Response limited to addressing the affirmative

defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action.   On September 25, 2015, Respondents filed their Pre-Answer Response (ECF No. 9) arguing that the Court lacks jurisdiction to consider Mr. Frye's claims challenging the restitution order because he is not "in custody" with respect to the restitution order.   On October 19, 2015, Mr. Frye filed his Reply to Pre-Answer Response (ECF No. 10) arguing that the Court has jurisdiction to consider his claims challenging the restitution order because each of his three claims, either explicitly or implicitly, includes an argument that the prosecution breached the original plea agreement in the El Paso County District Court cases and he remains in custody with respect to those convictions.   On October 26, 2015, Magistrate Judge Gallagher ordered Respondents to file a supplemental response that addresses the issues raised by Mr. Frye in his Reply to Pre-Answer Response.

On November 25, 2015, Respondents filed a Supplemental Response (ECF No. 12) arguing in part that, if Mr. Frye actually is asserting claims that the prosecution breached the plea agreement and not merely challenging the restitution order, the Court lacks jurisdiction to consider the claims because Mr. Frye has not obtained authorization to file a second or successive habeas corpus application challenging the validity of the El Paso County District Court convictions.   On December 28, 2015, Mr. Frye filed a Supplemental Reply (ECF No. 13) arguing that the instant action is not a second or successive application because the trial court entered a new judgment imposing restitution after the restitution hearing in February 2013 and, therefore, he is not challenging the same judgment in this action that he challenged in case number

12-cv-00722-RBJ.

The Court must construe the application and other papers filed by Mr. Frye liberally because he is not represented by an attorney.   *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   However, the Court should not be an advocate for a *pro se* litigant.   *See Hall*, 935 F.2d at 1110.   For the reasons stated below, the Court will dismiss the action for lack of jurisdiction.

It appears to the Court that Mr. Frye's claims in the application challenge only the restitution order entered in his El Paso County District Court cases.   Respondents are correct that, if Mr. Frye is challenging only the restitution order, the Court lacks jurisdiction to consider those claims because Mr. Frye is not in custody with respect to the restitution order.

The Court has jurisdiction to entertain an application for habeas corpus relief pursuant to § 2254 only from an applicant who is "in custody pursuant to the judgment of a State court."   28 U.S.C. § 2254(a); *see also McCormick v. Kline*, 572 F.3d 841, 848 (10th Cir. 2009) ("Section 2254's in-custody requirement is jurisdictional.").   Furthermore, a prisoner seeking habeas corpus relief must be in custody pursuant to the conviction or sentence under attack at the time the habeas corpus application is filed.   *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989).   It is Mr. Frye's burden to establish that the custody requirement is satisfied.   *See United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994) (stating that a defendant filing a motion under 28 U.S.C. § 2255 bears the burden of demonstrating jurisdiction by affirmatively alleging he is in custody).

"The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty."   *Hensley v.*

*Municipal Court*, 411 U.S. 345, 351 (1973).   Although one need not be incarcerated to satisfy the custody requirement, the custody requirement is not satisfied unless the applicant is subject to "restraints not shared by the public generally that significantly confine and restrain freedom."   *Mays v. Dinwiddie*, 580 F.3d 1136, 1139 (10th Cir. 2009). Thus, an order directing "payment of restitution or a fine, absent more, is not the sort of significant restraint on liberty contemplated in the custody requirement of the federal habeas statutes."   *Erlandson v. Northglenn Mun. Court*, 528 F.3d 785, 788 (10th Cir. 2008) (quotation marks omitted).

   It is clear that Mr. Frye is "in custody" with respect to his convictions in the El Paso County District Court cases.   However, he is not "in custody" with respect to his claims challenging the restitution order.   *See Bailey v. Hill*, 599 F.3d 976, 981 (9th Cir. 2010) (concluding that being "in physical custody while attacking [a] restitution order is insufficient to confer jurisdiction" over a habeas petition because "the elimination or alteration of a money judgment, does not directly impact – and is not directed at the source of the restraint on – his liberty"); *Washington v. Smith*, 564 F.3d 1350, 1351 (7th Cir. 2009) (incarcerated prisoner's claim challenging only the calculation of the amount owed in restitution is not a proper habeas corpus claim).   Therefore, the Court lacks jurisdiction over Mr. Frye's claims to the extent he is challenging the restitution order.

   Mr. Frye apparently recognizes this jurisdictional problem because, as noted above, he attempts to couch his claims as asserting a breach of his plea agreement rather than challenging only the order of restitution.   However, even construing the application liberally as asserting claims that the prosecution unconstitutionally breached Mr. Frye's plea agreement with respect to restitution, the Court still lacks jurisdiction to consider

those claims because Mr. Frye previously challenged the validity of his El Paso County District Court convictions in case number 07-cv-00722-RBJ and his claims in that action were dismissed on the merits.   Mr. Frye concedes that he filed a prior habeas corpus action challenging the validity of the same convictions, but he argues that the instant action is not a second or successive application because the trial court entered a new judgment subsequent to the prior habeas corpus action and he is challenging the new judgment for the first time.

Mr. Frye relies on the Supreme Court's decision in *Magwood v. Patterson*, 561 U.S. 320 (2010), in support of his argument that the instant application is not a second or successive application.   In *Magwood*, the Supreme Court held that when "there is a 'new judgment intervening between the two habeas [applications],' an application challenging the resulting new judgment is not 'second or successive' at all."   *Id.* at 341-42 (citation omitted).   Thus, in *Magwood*, the petitioner's second challenge to his sentence under 28 U.S.C. § 2254 was not barred as a second or successive petition when it came after the petitioner had been resentenced following a successful § 2254 habeas corpus petition and the petitioner asserted a claim in the second petition based on the resentencing. *See id.* at 323-24.

Mr. Frye's reliance on *Magwood* is misplaced because the trial court's order imposing restitution is not a new judgment in his criminal cases.   *See Gomez v. Davis*, 514 F. Appx. 825, 826-27 (10th Cir. 2013) (trial court's minute order vacating court costs was not a new judgment).   Therefore, to the extent Mr. Frye's claims can be construed as asserting a breach of his original plea agreement, the instant application is a second or successive application because he is challenging the same judgment for the second time.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), Mr. Frye must apply to the United States Court of Appeals for the Tenth Circuit for an order authorizing this Court to consider his second or successive habeas corpus application.   *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (per curiam).   In the absence of such authorization, the Court lacks jurisdiction to consider the merits of the claims asserted in a second or successive § 2254 application.   *See id.* at 1251.   An applicant seeking authorization to file a second or successive application for a writ of habeas corpus pursuant to § 2254 must demonstrate that any claim he seeks to raise is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A); or that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B).

Mr. Frye does not allege, and there is no indication in the application, that he has obtained authorization from the Tenth Circuit to file a second or successive § 2254 application.   Therefore, the Court must either dismiss the application for lack of jurisdiction or, if it is in the interest of justice, transfer the application to the Tenth Circuit pursuant to 28 U.S.C. § 1631.   *In re Cline*, 531 F.3d at 1252.   The factors to be

> considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Id.* at 1251.   When "there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter."   *Id.* at 1252.

Mr. Frye fails to demonstrate that his claims in this action are based on either a new and retroactive rule of constitutional law or newly discovered evidence that demonstrates he is not guilty as required pursuant to § 2244(b)(2).   Therefore, the Court finds that a transfer is not in the interest of justice for that reason alone.   *See id.* Instead, the action will be dismissed for lack of jurisdiction.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.   *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.   Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) is denied and the action is dismissed for lack of jurisdiction.   It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.   It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this __24th__ day of ___February___, 2016.

BY THE COURT:


__s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court